UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO D. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00307-JPH-DLP |
| ) | |
| U.S. ATTORNEY, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING THE COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Antonio Crawford, an inmate at FCI Terre Haute, brings this action alleging violations of his right to substantive and procedural due process. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

On June 15, 2020, the plaintiff filed a complaint naming the following defendants: U.S. Attorney, Federal Magistrate Judge, and United States District Judge James E. Shadid. The plaintiff is seeking compensatory and punitive damages and injunctive relief.

The complaint alleges, "All defendants knowingly failed, to follow procedures in the criminal prosecution leading to a improper conviction." Dkt. 1, p. 10. Specifically, the complaint contends that the plaintiff's indictment and conviction were not supported by evidence of the necessary *mens rea* and that the defendants proceeded with the prosecution and adjudication in violation of his right to due process.

## III.
## DISCUSSION

An inmate may not bring a civil action against defendants who participated in the investigation or prosecution of a criminal charge if "a judgment in favor of the plaintiff [in the civil suit] would necessarily imply the invalidity of his conviction or sentence." *Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Federal judges are generally accorded absolute immunity for "truly judicial acts" within their lawful jurisdiction. *Forrester v. White*, 484 U.S. 219, 226-27 (1988). Federal prosecutors also have absolute immunity for actions that are "closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985).

The complaint alleges due process claims against a United States Attorney, a United States Magistrate Judge, and a United States District Judge. These defendants have absolute immunity

from civil liability for actions performed in the course of their official duties. Furthermore, the claims raised against these defendants necessarily imply the invalidity of the plaintiff's criminal conviction. Accordingly, the complaint is **dismissed for failure to state a claim upon which relief may be granted**.

## IV.
## OPPORTUNITY TO AMEND

The dismissal of the complaint will not in this instance lead to the dismissal of the action. Instead, the plaintiff shall have **through August 21, 2020**, to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must include: (1) a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (2) a demand for the relief sought; and (3) a description the plaintiff's injuries and the parties responsible.

Any amended complaint should have the proper case number, 2:20-cv-00307-JPH-DLP, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action. The **clerk shall include** a form complaint with the plaintiff's copy of this Order.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

## V.
## MOTION TO PROCEED *IN FORMA PAUPERIS*

On June 15, 2020, the plaintiff filed a motion to proceed *in forma pauperis*. Dkt. 2. The plaintiff is ineligible to proceed *in forma pauperis* because on three or more occasions he has brought an action in federal court that was dismissed for being frivolous or malicious or for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g). *See Crawford v. U.S. District Court*, 2:20-cv-286-JMS-DLP (S.D. Ind. June 5, 2020), dkt. 4 (collecting cases). Nevertheless, the plaintiff argues that the motion to proceed *in forma pauperis* should be granted because his continued incarceration places him in imminent danger of serious bodily injury from COVID-19.

The Court takes the motion to proceed *in forma pauperis* under advisement. If the plaintiff files a viable amended complaint, the Court will rule on the motion at that time. Otherwise, the motion will be dismissed as moot.

**SO ORDERED**.

Date: 7/31/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTONIO D. CRAWFORD
43793-4240
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808